ATHLETE'S FOOT BRANDS, LLC, and NEXCEN BRANDS, INC., Plaintiffs,

v.

TURNER PHASE IV, LLC; Turner Phase V, LLC; Delon Turner; Tonya Baker–Turner; and Sabrina Baker–Bouie, Defendants.

No. 08–22582–CIV.

United States District Court, S.D. Florida.

Oct. 1, 2008.

Edward M. Mullins, Douglas J. Giuliano, Astigarraga Davis Mullins & Grossman, P.A., Miami, for Plaintiffs.

Damian E. Thomas, Wasserman & Thomas, Miami, for Defendants.

ORDER GRANTING IN PART PLAIN-
TIFFS' MOTION FOR PRELIMI-
NARY INJUNCTION

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Plaintiffs' Motion for Preliminary Injunction (dkt # 4).

UPON CONSIDERATION of the Motion, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I. BACKGROUND

This case involves a dispute between a franchisor and franchisee concerning the franchisor's attempt to terminate the franchise operating agreements. On July 31, 2003, Defendant Phase IV, LLC ("Phase IV") entered into a franchise operating agreement (the "Southland Agreement") with Plaintiff Athlete's Foot Brands ("Athlete's Foot") to open a store in the Southland Mall. Defendant Delon Turner ("Turner") executed the Southland Agreement on behalf of Phase IV. Turner, along with Defendants Tonya Baker–Turner ("Baker–Turner") and Sabrina Baker–Bouie ("Baker–Bouie") also jointly executed a personal guaranty with respect to the Southland Agreement.

On March 28, 2005, Defendant Phase V, LLC ("Phase V") entered into a franchise operating agreement (the "163rd Agreement" and together with the "Southland Agreement," the "Agreements") with Athlete's Foot to open a store in the 163rd Street Mall. Turner executed the 163rd Agreement on behalf of Phase V. Turner also executed a personal guaranty with respect to the 163rd Agreement.[1]

On May 13, 2008, Athlete's Foot sent Phase IV and Phase V a Notice of Default based on breaches of the Agreements, including failure to pay royalties and marketing fees and failure to properly make reports about the stores. The Agreements provide that Athlete's Foot may terminate the Agreements upon failure to pay a royalty fee, marketing fee or failure to submit a required report within 30 days of the due date. Agreements, § 10(a). The Agreements contain a notice provision specifying an address for each party to the Agreements where all notices and communications concerning the Agreements must be sent. Agreements, § 16.3. The notice provision requires that all notices and communications to other parties to the Agreements must be delivered personally, by registered or certified mail, overnight courier, or facsimile transmission. *Id.* The notice provision also provides that any party may change the address to which notices and communications must be sent by providing notice to the other parties as required by the Agreements. *Id.* On May 13, 2008, Athlete's Foot sent the Notice of Default to the addresses of Phase IV and Phase V contained in the notice provision of the Agreements. Decl. of Luna Frederick, ¶ 8. On June 11, 2008, Athlete's Foot sent Phase IV and Phase V Notice of Termination of the Agreements by certified mail to the addresses contained in the notice provisions of the Agreements. *Id.,* ¶ 9.

## II. STANDARD OF REVIEW

■■■ A district court may issue a preliminary injunction where the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir.2000); *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' " as to each of the four prerequisites. *Mc-*

---

**1.** The rights under the Agreements are now owned by Plaintiff NexCen Brands, LLC.

*Donald's Corp.,* 147 F.3d at 1306 (internal citations and quotations omitted).

## III. ANALYSIS

Athlete's Foot seeks a preliminary injunction to (1) prevent Defendants from infringing on its trademark, trade name, trade dress, and proprietary and confidential information and systems of Athlete's Foot, (2) enforce compliance with the non-compete provision of the Agreements, and (3) to obligate Defendants to return confidential and proprietary material.

■ Athlete's Foot has established likelihood of success on the merits of its trademark infringement claim. Defendants do not dispute that they have failed to pay royalties and marketing fees or that they have failed to produce the required reports in a timely manner. Rather, Defendants contend that the Notice of Termination was improper because the addresses where the Notices of Default and Termination were sent were no longer occupied by Defendants and because the Notices were not sent to all Defendants. However, the Agreements' notice provision establishes the method of giving notice for all matters pertaining to the Agreements. The Notice of Termination was delivered in accordance with the Agreements' notice requirements. The notice provision also provides a method whereby any party may change the address where notifications will be received. While this Court need not make findings of fact concerning the adequacy of notice, the fact that the Notice of Termination complied with the notice requirements of the Agreements, combined with the absence of any contention by Defendants that they are not in breach of the Agreements, are sufficient to establish a likelihood of success on the merits of the trademark claim. The likelihood of success on the merits of the trademark claim also creates a likelihood of success on the trade name claim and on the claim for

return of confidential and proprietary information. *See* Agreements, § 12.3. However, there is insufficient information in the record to establish a likelihood of success on the merits of the trade dress claim.

■ Athlete's Foot has also established a likelihood of success on the merits of its claim to enforce the non-compete provision. The Agreements place restrictions on Defendants' ability to sell certain enumerated goods within 10 miles of the Defendants' store locations for a period of one year after termination or expiration of the Agreements. Agreements, § 12.2. Nothing on the face of the non-compete provision raises the specter that the provision would be void for overbreadth or against public policy. Moreover, Defendants have put forth no argument that the non-compete provision is invalid. Therefore, Athlete's Foot is likely to succeed on the merits of the claim to enforce the non-compete provision.

■ Athlete's Foot will also suffer irreparable injury in the absence of a preliminary injunction. In trademark infringement actions, injunctive relief is appropriate because "(1) there is no adequate remedy at law to redress infringement and (2) infringement by its nature causes irreparable harm." *Tally–Ho, Inc. v. Coast Cmty. Coll. Dist.,* 889 F.2d 1018, 1029 (11th Cir.1989). Here, Defendants' unauthorized use of Athlete's Foot's trademark would cause irreparable injury to Athlete's Foot in the absence of preliminary injunctive relief. Moreover, in light of the clear and unambiguous terms of the Agreements, the hardship Athlete's Foot would suffer without a preliminary injunction outweighs Defendants' interest in unauthorized use of the Athlete's Foot trademark and the hardship resulting from a preliminary injunction. No element of the preliminary injunctive relief sought

here would be adverse to the public interest.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Preliminary Injunction (dkt # 4). is GRANTED IN PART. Defendants are hereby ordered to immediately cease their use of the Athlete's Foot trademark. Defendants are also enjoined from violating the terms of the non-compete provisions located in section 12.2 of the Agreements. Defendants are also instructed to return to Athlete's Foot at Defendants' expense any materials covered by section 12.3 of the Agreements.